OHIO–SEALY MATTRESS MANUFAC-
TURING COMPANY, et al.,
Plaintiffs-Appellants,

v.

Louis C. DUNCAN, et al., Defendants,

Robert Magnusson and Simmons,
U.S.A., Movants-Appellees.

No. 84–8321.

United States Court of Appeals,
Eleventh Circuit.

Jan. 10, 1985.

Kenneth H. Hanson, Frederic F. Brace, Jr., Chicago, Ill., for plaintiffs-appellants.

Eugene G. Partain, W. Gordon Hamlin, Jr., Atlanta, Ga., for movants-appellees.

Before RONEY and HENDERSON, Circuit Judges, and TUTTLE, Senior Circuit Judge.

PER CURIAM:

This is an appeal in a collateral proceeding held in the United States District Court for the Northern District of Georgia, in which the plaintiff, the appellant here, is suing Sealy, Inc. and others in an anti-trust suit in Chicago. The proceeding in the Northern District of Georgia followed the serving of a notice of deposition upon one Magnusson, the president of Simmons Company, claimed by the appellants to be a competitor in the field of selling mattresses.

The subpoena demanded "all records since January 1, 1978, showing the market shares of mattresses and box springs of Simmons versus its competition in each geographic market in the United States in which Simmons competes."

At Simmon's request, the trial court entered a protective order pending a hearing requested by Simmons to determine whether the deposition should be taken. This was then followed by a telephone multi-party conversation with the trial court in the course of which he "suggested" to the plaintiff that Ohio-Sealy make an effort to obtain a stipulation with the defendants in the anti-trust suit with the facts sought by the subpoena. There is nothing in the record to indicate that Ohio-Sealy made any such effort, before the subsequent hearing before Judge Moye.

Thereafter, appellants filed a motion in which they requested

records of sales, and the primary geographic area in which such sales are made, of adult mattresses and foundations in the United States for each fiscal or calendar year from January 1, 1978 to present for each of the below-listed

plants of Simmons U.S.A.: Elizabeth, New Jersey, Jacksonville, Florida, Atlanta, Georgia, Dallas, Texas, Kansas City, Kansas, Columbus, Ohio, Los Angeles, California, San Leandro, California, Janesville, Wisconsin.

At the hearing on January 9, the trial court asked the parties to file briefs. Then, in Sealy's brief filed in response, the information sought was changed again so that it "would be limited to its plants located in Kansas City, Kansas, Los Angeles, California and San Leandro, California." Then following receipt and consideration of briefs filed by the two parties, the trial court entered the following order:

Plaintiff's motion to require Robert Magnusson and Simmons USA to produce sales records is denied and its notice of deposition of Robert Magnusson quashed and this case is dismissed.

■ It is from this order that plaintiff below appeals. The standard of review is abuse of discretion by the trial court. *Perel v. Vanderford,* 547 F.2d 278, 280 (5th Cir.1977); *Swanner v. United States,* 406 F.2d 716, 719 (5th Cir.1969).

■ Not only did the plaintiff completely change its request for information from the filing of its original subpoena duces tecum and notice of deposition but now even in its reply brief it has once again changed the information which it seeks by these documents. It now sets out the form of order which it states this Court should require the district court to enter as follows:

On a confidential basis Simmons USA will supply the following information to Professor Bala Chandran for each calendar or fiscal year 1975 through 1982: (a) Total dollar sales in the domestic United States; (b) Total dollar sales of each of its plants located in the States of Minnesota, Iowa, Missouri, Kansas, Nebraska, South Dakota, North Dakota, Montana, Wyoming, Colorado, New Mexico, Arizona, Utah, Nevada, California, Oregon, Idaho and Washington.

**1562**

All but two of the mentioned states, Kansas and California, were thus mentioned for the first time.

It is small wonder that the district court was unable to know exactly what information the petitioners were seeking. In point of fact, the original subpoena did not ask for *sales reports* as such. It asked rather for something that would require some method of computation by the Simmons Company. "... records ... showing *the market shares* for mattresses and box springs of Simmons versus its competition in each geographic market in the United States in which Simmons competes."

On this record, and in light of the most recent modification of the demands, which appellant seems to think are justified by the previous subpoena and notices to take deposition, we are unable to say that the trial court abused its discretion in denying the plaintiff's motion to take depositions and in quashing the subpoena.

Judgment AFFIRMED.